

**FILED**
FEB 24 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY LAGLER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE CO.,<br><br>　　　　Defendant. | CIV. #12-4037<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

　　　　The Plaintiff, Tammy Lagler, by and through her attorney of record, and for her Complaint against Defendant Zurich American Insurance Company, does hereby state and allege as follows:

### PARTIES

1. Plaintiff Tammy Lagler is a citizen of the State of South Dakota.

2. Upon information and belief, Defendant is a New York corporation with its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

### JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## **FACTS**

5. Plaintiff's former employer, Menard Incorporated, carried workers' compensation insurance through the Defendant, which coverage was in effect on or about April 21, 2007.

6. Plaintiff began working for Menard, Incorporated in 1990 and continued to work there until 1994. In 1998, Plaintiff returned to working at Menard, Incorporated and continued to work at Menard, Incorporated until on or about April 11, 2011 when she lost her home and had to move in with family members.

7. For roughly 20 years prior to this injury, Plaintiff did not have any problems with her foot or ankle.

8. On or about April 21, 2007, during the course of her employment, Plaintiff suffered a work-related injury when she slipped and fell while working in the garden center at Menard, Incorporated resulting in serious injuries.

9. Thereafter and within three (3) days after the April 21, 2007 injury, Menard Incorporated had actual knowledge of the Plaintiff's injury.

10. Plaintiff's pain in her foot and ankle began on April 21, 2007, the day of her injury, and has continued unabated ever since that date.

11. Plaintiff was ultimately diagnosed with posterior tibialis tendonitis and retrocalcaneal bursitis; she underwent surgery for both conditions.

12. From and after April 21, 2007, Plaintiff incurred substantial medical expenses for her workplace injury.

13. Defendant originally paid for the treatment of Plaintiff's work-related injury.

14. On or about September 17, 2008, Defendant denied payment of worker's compensation benefits to the Plaintiff.

15. On or about December 31, 2008, three months after denying benefits, Defendant requested an independent medical records review from Dr. Richard Farnham in order to determine whether the Plaintiff's continuing condition was causally related to the April 21, 2007 workplace injury.

16. Plaintiff was forced to seek money from family members and to withdraw her 401(k) in order to pay for her second surgery on her foot because the Defendant had denied benefits.

17. Plaintiff was eventually able to have the second surgery performed on February 19, 2009.

18. On or about February 10, 2009, Dr. Richard Farnham issued an opinion stating that he did not believe Plaintiff's injury was causally connected to the injury she incurred at work. Dr. Farnham based his opinion upon his independent medical records review of the Plaintiff's case.

19. Dr. Farnham has failed to pass his board certification test for occupational medicine on three occasions and remains uncertified in the field in which he holds himself out to the public and claims 30 years' experience.

20. Dr. Farnham did not physically examine the Plaintiff; instead, he reviewed her medical records.

21. Tammy's April 21, 2007 work injury was and remained a major contributing cause of her posterior tibial tendonitis, symptomization of her Haglund's deformity, and retrocalcaneal bursitis.

22. Defendant has vexatiously and unreasonably refused payment of worker's compensation benefits to the Claimant without any basis for doing so.

23. On or about September 27, 2008, Plaintiff was forced to bring a Petition for Hearing seeking an order from the Department of Labor commanding the Defendant to pay worker's compensation benefits.

24. Plaintiff lost her home and was forced to leave her employment due to the Defendant's refusal to pay worker's compensation benefits.

25. Plaintiff has also lost her health insurance as a result of the Defendant's conduct and now has to work two jobs and use substantial government assistance in order to live and pay her medical bills.

26. Plaintiff has suffered emotional damage.

27. On or about October 16, 2008, Plaintiff served Interrogatories and Requests for Production of Documents upon Defendant.

28. Defendant failed to respond to any of Plaintiff's Interrogatories and Requests for Production of Documents.

29. Due to Defendant's failure to respond to any of Plaintiff's Interrogatories and Requests for Production, Plaintiff was forced to file a Motion to Compel on or about December 3, 2008, which was resisted by the Defendant.

30. On or about December 30, 2008, Defendant submitted unsigned responses to Plaintiff's Interrogatories and Requests for Production with several objections.

31. On or about February 20, 2009, at the direction of the Department of Labor, Plaintiff submitted a letter to the Administrative Law Judge discussing the inadequate answers

to Plaintiff's Interrogatories and Requests for Production that were provided by the Defendant, which became the subject of Plaintiff's Motion to Compel.

32. The Department granted Plaintiff's Motion to Compel on or about April 6, 2009.

33. After April 6, 2009, Plaintiff was required to send several letters to Defendant requesting information that the Department had already ordered should be turned over.

34. Defendant failed to timely comply with the Department's Order granting Plaintiff's 2009 motion to compel.

35. Defendant did not produce some of the records, ordered by the Department of Labor to be disclosed, until May 18, 2009, over one month after the Department of Labor issued its ruling.

36. On or about March 17, 2011, Plaintiff served a Subpoena Duces Tecum requesting that the Defendant and its expert, Dr. Richard Farnham, produce Dr. Farnham's records related to Plaintiff's case including Dr. Farnham's billing records, file, and notes, emails or correspondence, treatises or journals relied upon, and previous cases in which Dr. Farnham had been an expert witness.

37. On or about April 12, 2011, Plaintiff was forced again to file a Motion to Compel seeking the information requested in the March 17, 2011 subpoena duces tecum.

38. Defendant has continuously denied payment to the Plaintiff even after the Department of Labor concluded that the April 2007 work-related injury was the cause of Plaintiff's conditions.

39. On September 9, 2011, the Department of Labor issued its decision finding in favor of the Plaintiff regarding the compensability of Plaintiff's workplace injury.

40. The Department of Labor found that Plaintiff's condition and need for treatment were causally related to the April 21, 2007 workplace injury.

41. Plaintiff sent numerous letters to Defendant asking it to pay benefits and Defendant has continued to deny payments to Plaintiff.

## COUNT ONE
*Bad Faith Investigation of the Claim*

42. Plaintiff hereby realleges all previous paragraphs and incorporates them as though fully set forth herein.

43. Defendant owed a duty to the Plaintiff to act fairly and in good faith.

44. This duty was breached by the Defendant's inadequate and improper investigation of Plaintiff's claim.

45. Defendant did not have a reasonable basis for denying Plaintiff's worker's compensation claim.

46. Defendant acted with knowledge or reckless disregard of the absence of a reasonable basis for denying benefits.

47. Defendant's breach of this duty caused the Plaintiff to suffer substantial damages.

48. Defendant's conduct was vexatious or without reasonable cause, allowing Plaintiff to recover reasonable attorney's fees pursuant to SDCL §58-12-3.

49. Defendant's conduct was in willful, wanton, and conscious disregard for the rights of the Plaintiff, for which punitive damages are recoverable pursuant to SDCL § 21-3-2.

## COUNT TWO
*Bad Faith Denial of Benefits*

50. Plaintiff hereby realleges all previous paragraphs and incorporates them as though fully set forth herein.

51. Defendant owed a duty to the Plaintiff to act fairly and in good faith.

52. This duty was breached by the Defendant's denial of Plaintiff's request for worker's compensation benefits and Defendant's refusal to pay worker's compensation benefits without a reasonable basis for such refusal or denial.

53. Defendant did not have a reasonable basis for denying Plaintiff's worker's compensation claim.

54. Defendant acted with knowledge or reckless disregard of the absence of a reasonable basis for denying benefits.

55. Defendant's breach of this duty caused the Plaintiff to suffer substantial damages.

56. Defendant's conduct was vexatious or without reasonable cause, allowing Plaintiff to recover reasonable attorney's fees pursuant to SDCL §58-12-3.

57. Defendant's conduct was in willful, wanton, and conscious disregard for the rights of the Plaintiff, for which punitive damages are recoverable pursuant to SDCL § 21-3-2.

### COUNT THREE
*Bad Faith Use of Dilatory Tactics*

58. Plaintiff hereby realleges all previous paragraphs and incorporates them as though fully set forth herein.

59. Defendant owed a duty to the Plaintiff to act fairly and in good faith.

60. Defendant breached this duty by using dilatory tactics.

61. The Defendant acted intentionally or recklessly in disregard of the absence of a reasonable basis to deny benefits.

62. Defendant's breach of this duty caused the Plaintiff to suffer substantial damages.

63. Defendant's conduct was vexatious or without reasonable cause, allowing Plaintiff to recover reasonable attorney's fees pursuant to SDCL §58-12-3.

64. Defendant's conduct was in willful, wanton, and conscious disregard for the rights of the Plaintiff, for which punitive damages are recoverable pursuant to SDCL § 21-3-2.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1) For judgment against the Defendant in an amount to be determined by the jury that will fully compensate Plaintiff for the severe and permanent injuries and all other damages that she has sustained;

(2) Compensation for the emotional distress incurred by Plaintiff in an amount to be determined by the jury;

(3) For pre-judgment and post-judgment interest;

(4) For punitive damages;

(5) For costs and disbursements herein;

(6) For attorney's fees necessitated by Defendant's refusal to pay workers compensation benefits pursuant to SDCL § 58-12-3; and

(7) For such other and further relief as the Court deems just and equitable.

Dated this 24th day of February, 2012.

JOHNSON, HEIDEPRIEM,
& ABDALLAH, L.L.P.

BY _____
Scott N. Heidepriem (scott@jhalawfirm.com)
Vince A. Purtell (vince@jhalawfirm.com)
Sara E. Show (sara@jhalawfirm.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott N. Heidepriem