UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TAMMY LAGLER, | \* | CIV 12-4037 |
| Plaintiff, | \* | MEMORANDUM OPINION AND ORDER |
| -vs- | \* | |
| ZURICH AMERICAN INSURANCE CO., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is defendant, Zurich American Insurance Co's. ("Zurich"), Motion to Dismiss this bad faith action filed by plaintiff, Tammy Lagler ("Lagler"). For the following reasons, the action will be held in abeyance until Lagler has obtained a final decision on her entitlement to workers' compensation benefits through state administrative procedures, including statutory procedures for appellate review of such an administrative decision.

## BACKGROUND

Lagler was injured in a fall on April 21, 2007, while working at Menards. Zurich was Menards' workers' compensation insurance carrier. After several office visits, physical therapy sessions, and periods of time in cast shoes, Lagler was diagnosed with posterior tibialis tendinitis and retro calcaneal bursitis. She underwent two separate surgeries for both of these conditions. Zurich initially paid for the treatment, including Lagler's first surgery, but ultimately denied further coverage on September 17, 2008. In December 2008, Zurich retained a doctor who claimed that Lagler's accident was not a major contributing cause of her need for a second surgery. On September 27, 2008, Lagler filed a Petition for Hearing with the South Dakota Department of Labor ("department of labor") seeking workers' compensation benefits from Zurich.

The Administrative Law Judge ("ALJ") for the department of labor bifurcated the compensability and benefits issues in order to first determine whether Lagler's medical conditions were caused by the work-related accident. On September 26, 2011, the ALJ issued Findings of Fact

and Conclusions of Law, determining that Lagler's injury arose out of the scope of her employment, and that the work injury was a major contributing cause of her condition. He did not decide what benefits Lagler should receive, or whether she is permanently totally disabled.

On February 24, 2012, Lagler filed this action against Zurich alleging bad faith investigation and processing of her claim, bad faith denial of her claim, and bad faith use of dilatory tactics. Zurich argues that this Court lacks subject matter jurisdiction and Lagler's action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because, although Lagler has received a favorable determination from the department of labor that her injury is compensable, the administrative remedies have not been exhausted. The ALJ did not award a specific sum of money to Lagler nor did he decide the issues of permanent disability or rehabilitation benefits. Zurich cannot appeal the department's causation determination to circuit court until benefits are awarded to Lagler. Lagler asserts that this Court has jurisdiction because the department has determined Zurich is liable to her for worker's compensation benefits, and because her bad faith claim includes not only bad faith denial of benefits but also bad faith investigation and bad faith use of dilatory tactics.

## DISCUSSION

A district court has authority to consider matters outside the pleadings when its subject-matter jurisdiction is challenged under Rule 12(b)(1). *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990). A plaintiff bears the burden of establishing subject-matter jurisdiction, and the Court may determine whether it has such jurisdiction through "any rational mode of inquiry." *Id.* at 730; *see also Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665, 681 (D.Kan. 1989) ("Unlike the strict limitations under 12(b)(6) against considering matters outside the complaint, a 12(b)(1) motion is considered a 'speaking motion' and can include references to evidence extraneous to the complaint without converting it into a Rule 56 motion."). In this case, the parties' submissions regarding the motion to dismiss provide a sufficient mode of inquiry into the jurisdictional facts.

Based on the information currently before it, the Court has subject-matter jurisdiction over Lagler's claims. Lagler is not required to "exhaust" her bad faith claims in the South Dakota Department of Labor because those claims do not fall within the jurisdiction of the department. *Matter of Certification of a Question of Law*, 399 N.W.2d 320 (S.D. 1987); *see Reiter v. Cooper*, 507 U.S. 267, 269 (1993) (doctrine of exhaustion of administrative remedies applies where the relief requested is available from an administrative agency). It is true that the state courts of South Dakota will not entertain a tort action based on a denial of workers' compensation benefits until the department of labor has determined whether the plaintiff is in fact entitled to such benefits. *Zuke v. Presentation Sisters, Inc.*, 589 N.W.2d 925, 930 (S.D. 1999). *Zuke*, however, does not deprive this Court of jurisdiction over Lagler's claims, because that case delineated the jurisdiction of South Dakota state courts, and not the jurisdiction of federal courts. *See Smith*, 124 F.R.D. at 681 n.14 (a federal district court does not look to state law to define the parameters of its jurisdiction); *but see Billingsley v. United Tech. Motor Sys.*, 895 F.Supp. 119, 121-22 (S.D. Miss. 1995) (declining to hear a claim of tortious denial of workers' compensation benefits until a state administrative body had determined whether the plaintiff was entitled to such benefits, based on a prediction that state courts would do the same).

Even though the Court has subject-matter jurisdiction over Lagler's claims, it still must decide whether to exercise that jurisdiction. The doctrine of primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. Western Pacific R. Co.*, 352 U.S. 59, 63-64 (1956). Under the primary jurisdiction doctrine, a district court may "refer a matter to the appropriate administrative agency for a ruling in the first instance," in order to "obtain the benefit of the agency's expertise and experience," or "promote uniformity and consistency within the particular field of regulation." *Access Telecomm. v. Southwestern Bell Tel. Co.*, 137 F.3d 605, 608 (8th Cir. 1998). Also, in a case such as this, principles of federalism may caution against disturbing the primary jurisdiction of a state agency to make determinations within a complicated state regulatory regime. *Cf. Burford v. Sun Oil Co.*, 319 U.S. 315, 333-34 (1943) (holding that a federal

district court should have dismissed a challenge to the validity of an order of the Texas Railroad Commission, where Texas had provided a "unified method for the formation of policy and determination of cases by the Commission and the state courts," and "conflicts in the interpretation of state law, dangerous to the success of state policies" were "almost certain to result" from federal-court intervention).

This case is one to which the primary jurisdiction doctrine applies. Although Lagler claims Zurich committed intentional torts in failing to pay her workers' compensation benefits, any decision on the merits of those claims will depend on whether Lagler is in fact entitled to such benefits. *See Zuke*, 589 N.W.2d at 930 ("Before a trial court may grant relief for a bad faith denial of worker's compensation benefits, it must decide whether the plaintiff is entitled to benefits."). Under South Dakota law, the decision whether a person is entitled to workers' compensation benefits is committed to the jurisdiction of the department of labor and the state courts exercising appellate review. *See Case v. Toshiba Am. Info. Sys., Inc.*, 7 F.3d 771, 773 (8th Cir. 1993) (describing the department of labor as "the body with exclusive jurisdiction over workers' compensation claims"). Thus, the Court must decide whether to wait for the department of labor and the state courts to determine Lagler's entitlement to workers' compensation benefits before deciding the merits of her bad faith claims. *See Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995) (applying primary jurisdiction doctrine to an action for damages based on an insurance company's alleged payment of fraudulent workers' compensation claims, where the Texas Insurance Code committed the question of whether the claims were properly paid to state administrative agencies).

Under the doctrine of primary jurisdiction, the Court will not decide Lagler's tort claim until state administrative procedures, originating in the department of labor and subject to judicial review in state court, have produced a final determination whether she is entitled to workers' compensation benefits. If the Court were to decide Lagler's tort claim it would risk rendering a decision which is inconsistent with the department of labor's regulation of workers' compensation. *See Dial v. Hartford Accident and Indem. Co.*, 863 F.2d 15, 16-17 (5th Cir. 1989) (refusing to decide a

4

plaintiff's bad faith claim against a workers' compensation carrier before the Mississippi Workers' Compensation Commission had determined whether plaintiff was entitled to benefits, where the courts' independent decision on entitlement could produce "inconsistent and unjust verdicts"). Finally, a decision by this Court on Lagler's entitlement to benefits would interfere with South Dakota's efforts to establish a coherent workers' compensation policy by concentrating entitlement issues in the department of labor. *Cf. Armistead v. C & M Transport, Inc.*, 49 F.3d 43, 48 n.4 (1st Cir. 1995) (noting that a federal court claim seeking to enforce a workers' compensation award which might disrupt the regulatory coherency of a state workers' compensation system would be subject to dismissal under the *Burford* abstention doctrine).

This analysis is not changed by the fact that Lagler has obtained a preliminary decision from the department of labor. Lagler argues that the Court should exercise its jurisdiction because the department of labor has ruled that she is entitled to workers' compensation benefits. The administrative determination of this issue is, however, not yet final. *Cf. Harms v. Cigna Ins. Companies*, 421 F.Supp.2d 1225, 1229 (D.S.D. 2006) (bad faith claim "accrues upon entry of 'final judgment from the department of labor,' including all appeals, in the worker's compensation proceedings"); *Brennan v. Western Nat. Mut. Ins. Co.*, 125 F.Supp.2d 1152, 1155 (D.S.D. 2001) (statute of limitations on bad-faith claim did not begin to run until workers' compensation claim was "finally adjudicated in worker's compensation proceedings conducted pursuant to South Dakota law"). When the ALJ reaches a decision regarding the benefits Lagler is entitled to receive, that decision will still be subject to review through the appeals process established in the workers' compensation statutes. *See* SDCL § 62-7-19 (appeals to the circuit court). Only after the administrative procedures established under the workers' compensation statutes, including appellate procedures, have produced a decision on Lagler's underlying entitlement to benefits will the Court have an administrative decision it can use in adjudicating Lagler's bad faith claims.

Having determined that primary jurisdiction rests with the South Dakota Department of Labor, the Court "has discretion either to stay the case and retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice." *Access Telecomm.*, 137 F.3d

at 609 (quoting *Reiter v. Cooper*, 507 U.S. 258, 268 (1993)). In order to avoid the possibility of any unfair disadvantage to Lagler, the Court will stay the case until Lagler has obtained a decision on her benefits from the department of labor and South Dakota state courts have exercised their powers of appellate review. Once Lagler has obtained such a decision, the Court will lift the stay and proceed to consider her case. Accordingly,

IT IS ORDERED:

1. That Defendant's motion to dismiss, doc. 12, is denied;

2. That Plaintiff's claims shall be held in abeyance until she has obtained a final determination, from the South Dakota Department of Labor and the courts of the State of South Dakota exercising their powers of appellate review of workers' compensation cases, of whether she is entitled to workers' compensation benefits from Defendant.

Dated this 9th day of August, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: 
(SEAL)    DEPUTY